IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT A. WILLMAN, ) | |
| ) | |
| Plaintiff(s), ) | No. C 07-2009 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| ROBERT HERNANDEZ, et al., ) | (Doc # 2) |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), has filed a pro se complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs while he was at the R. J. Donovan Correctional Facility in San Diego ("RJDCF"). He also alleges deliberate indifference to his medical needs since he arrived at SVSP in February 2007.

Plaintiff's allegations of deliberate indifference while he was at RJDCF may state a claim for monetary relief under § 1983 against the named RJDCF defendants. The allegations are dismissed without prejudice to his bringing them in the United States District Court for the Southern District California, however. Venue properly lies in that court. See 28 U.S.C. §§ 84(d), 1391(b); see also In re Hall, 939 F.2d 802, 804 (9th Cir. 1991) (where case is filed in wrong venue, district court has discretion either to dismiss case without prejudice or transfer it to proper federal court).

Plaintiff's allegations of deliberate indifference at SVSP may state a claim for injunctive and monetary relief against the named SVSP defendants. The complaint and attachments make clear that plaintiff has not exhausted California's prison administrative process as to those allegations, however. The allegations accordingly must be dismissed without prejudice to refiling after exhausting California's prison administrative process. See 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). It matters not that plaintiff recently filed an administrative appeal. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see, e.g., doc # 2) and close the file. No fee is due.

SO ORDERED.

DATED:  April 20, 2007

CHARLES R. BREYER
United States District Judge